UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

BRIAN FANARY,

    Plaintiff,

v.                                            CIVIL ACTION NO.  5:20-cv-00169

EQUIFAX INFORMATION SERVICES and
TRANS UNION, LLC and
EDUCAP, INC. d/b/a LOAN TO LEARN,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending is the Motion to Extend 12(b) Motion Deadline ("motion") [Doc. 14], filed by Defendant Educap, Inc., d/b/a/ Loan to Learn ("Educap"), and Plaintiff Brian Fanary. The motion was filed yesterday just prior to the noon hour.[1]

    On March 6, 2020, Mr. Fanary instituted this action. On March 30, 2020, Trans Union answered. On March 31, 2020, the Court entered an Order and Notice setting an April 30, 2020, deadline to answer or otherwise respond to the complaint. As of this date, Equifax has not answered or otherwise pled and has not sought an extension beyond a stipulation with Mr. Fanary that Equifax's answer or Rule 12(b) motion could be filed in accordance with the April 30, 2020, deadline set by the Court on March 31, 2020.

    As noted, yesterday just prior to the noon hour, Educap and Mr. Fanary filed the motion to extend the April 30, 2020, deadline imposed by the Court. This afternoon, court staff

---

[1] Although indicated as being filed "jointly," the Court is uncertain of the positions taken, if any, by the remaining two Defendants, namely, Equifax Information Services ("Equifax") and Trans Union, LLC ("Trans Union").

additionally received a communication via email from a staff member associated with the law firm representing Educap. That ex parte message, entitled, in part, "Urgent Question Judge Volk," was not copied to either supervising counsel, Mr. Fanary's counsel, or the lawyers representing Defendants Equifax or Trans Union. The email message stated as follows:

> Good afternoon. A Joint Motion to Extend the 12(b) deadline was filed yesterday. We need to know ASAP if this will be granted because otherwise the deadline is today. Can you let me know something ASAP?
>
> Thank you!

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he touchstone of 'good cause' under Rule 16(b) is diligence." *Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D. W. Va. 1995) (Haden, C.J.). Indeed, "[t]he district court may modify the pretrial schedule if it cannot be reasonably met despite the diligence of the party seeking the extension." *W. Va. Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 566 (S.D. W. Va. 2001) (quoting *Marcum*, 163 F.R.D. at 250).

The Court is unable to make the required good cause finding based upon the statements made in the instant motion. This is especially the case considering the Court set the deadline for which relief was sought one month ago. Inasmuch as good cause has not been shown, the Court **DENIES** the motion [**Doc. 14**] in its entirety.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to any unrepresented party.

ENTERED: April 30, 2020

Frank W. Volk
United States District Judge