UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

BRIAN FANARY,

    Plaintiff,

v.                                                            CIVIL ACTION NO. 5:20-cv-00169

EQUIFAX INFORMATION SERVICES and
TRANS UNION, LLC and
EDUCAP, INC. d/b/a LOAN TO LEARN,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Educap, Inc.'s ("Educap") Partial Motion to Dismiss [Doc. 19], filed on April 30, 2020.

**I.**

Plaintiff Brian Fanary instituted this action on March 6, 2020. Mr. Fanary alleged nine claims against the Defendants, stemming from their "repeated insistence on negatively reporting Plaintiff's credit." [Doc. 1].

Educap's motion targets Count Four, a claim for violations of the West Virginia Consumer Credit and Protection Act ("the WVCCPA") [Doc. 1 at 10]. A week after responding to the motion, Mr. Fanary filed a stipulation limiting the scope of Count Four against Educap [Doc. 22]. Educap then withdrew two of its arguments in response, leaving a single ground for the motion, namely, whether Mr. Fanary complied with the pre-suit requirements of the WVCCPA.

There is, however, a wrinkle impeding disposition. Mr. Fanary initially pled that (1) "Plaintiff mailed Defendant a letter dated November 27, 2019, to Defendant's Registered Agent

with the West Virginia Secretary of State via certified mail, pursuant to *West Virginia Code* § 46A-5-108," and (2) the "Defendant declined to make a cure offer." [Doc. 1 ¶¶7071]. Educap responded, however, that it is not registered to do business in West Virginia and thus Mr. Fanary defaulted on the pre-suit notice requirement. Mr. Fanary candidly acknowledged the error, noting the November 27, 2019, letter was actually sent to Educap's principal place of business with return receipt requested. Mr. Fanary then requested leave of the Court to amend the complaint [Doc. 21 at 12].

## II.

Federal Rule of Civil Procedure 15(a)(1) provides pertinently that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." In any other case, a party seeking leave to amend may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The Court should freely grant leave when justice so requires." *Id.* Leave should be granted absent a reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004) ("Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed.").

The request for leave to amend came prior to the filing of Educap's answer and just over two months after the action was instituted. Moreover, this is the first request to amend. Additionally, there is no suggestion that the amendment arises from bad faith. Rather, it is intended

to correct what amounts to a scrivener's error. There is likewise no prejudice. Thus, the Court exercises its broad discretion to permit the amendment. *See Harless*, 389 F.3d at 447.

Accordingly, the Court **GRANTS** Mr. Fanary's request for leave to amend paragraph 70 of the complaint [**Doc. 21**] and **DENIES** Educap's Partial Motion to Dismiss [**Doc. 19**] without prejudice. The Court further **ORDERS** Mr. Fanary to file his amended complaint on or before **August 28, 2020**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to any unrepresented party.

ENTERED: August 20, 2020

Frank W. Volk
United States District Judge